CRAWLEY, Judge,
dissenting.
I disagree with Judge Holmes’s holding that the engineering report was not properly authenticated. Rule 901(a), Ala.R.Evid., effective January 1, 1996, which governs the proceedings in this case, provides:
“The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.”
Driskell, upon examination by her attorney, testified at her deposition as follows:
“Q. Let me ask you a couple of questions just to make sure that I’m clear about some things. This engineering report, did you ever see that it was actually done?
“A Did I see that it was done?
“Q. That is, did you see anything that looked like a copy of a report, did you ever read anything?
“A Yes, yes, twenty-five pages.
“Q. Was it from the company called Carr and Associates Engineering?
“A. That’s correct.
“Q. From Pelham, Aabama?
“A Correct.
“Q. If I — I’m going to mark — this is a faxed copy.
“A. That’s—
“Q. Do you recognize it?
“A Yes, I do.
“Q. Is that the same one that you—
“A. That’s it.”
I conclude that this testimony from Driskell satisfies the requirements of Rule 901(a) authenticating the engineering report because her testimony is “evidence sufficient to support a finding, that the matter in question [whether the faxed copy of an engineering report regarding the structural integrity of the roof] is what its proponent claims [an accurate copy of the original engineering report regarding the structural integrity of the roof].”